# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERNDISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| Alicia Taylor, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No.   1:19-cv-91 |
| Capio Partners, LLC, a Texas limited liability company, and CF Medical, LLC, a Nevada limited liability company, ) ) ) ) | |
| Defendants. ) | <u>Jury Demanded</u> |

## COMPLAINT – CLASS ACTION

Plaintiff, Alicia Taylor, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants transact business here.

## PARTIES

3. Plaintiff, Alicia Taylor ("Taylor"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect defaulted consumer debts that she allegedly owed for medical services.

4. Defendant, Capio Partners, LLC ("Capio"), is a Texas limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Capio operates a defaulted debt collection business, and attempts to collect debts from consumers, including consumers in the State of Indiana. In fact, Defendant Capio was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant, CF Medical, LLC ("CF), is a Nevada limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. Defendant CF operates a nationwide debt collection business and attempts to collect debts from consumers in many states, including consumers in the State of Indiana. In fact, Defendant CF was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant CF is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies. Defendant CF's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others.

7. Defendants Capio and CF are both authorized to conduct business in the State of Indiana, and maintains registered agents here, <u>see</u>, records from the Indiana Secretary of State, attached as Group Exhibit <u>A</u>. In fact, Defendants Capio and CF conduct extensive business in Indiana.

8. Defendants Capio and CF are both licensed as debt collection agencies in the State of Indiana, see, records from NMLS Consumer Access, attached as Group Exhibit B. In fact, Defendants Capio and CF act as collection agencies in Indiana.

## FACTUAL ALLEGATIONS

9. Due to health and financial difficulties, Plaintiff Taylor was unable to pay a number of medical bills, which included numerous debts she allegedly owed for medical services. Defendants sent Ms. Taylor a collection letter, dated January 17, 2018, attempting to collect three defaulted medical debts, including a debt from August 19, 2011. A copy of this letter is attached as Exhibit C.

10. The statute of limitations in the State of Indiana for collecting the defaulted debt at issue was, pursuant to Indiana Code § 34-11-2 (six years from the date of the last payment/statement). Accordingly, August, 2011 debt was time-barred.

11. Defendants' letter did not disclose that the debt was time-barred and instead, lumped the time-barred debt in with two timely debts – making it appear as if all of the debts were the same and were fully collectible. Moreover, the letter further stated that "We have been authorized to extend to you a special offer to resolve these accounts".

12. Defendants' collection actions constitute material violations of the FDCPA because Defendants failed to disclose that one of the debts were time-barred. This lack of disclosure would leave the consumer without enough information to make a decision as to what to do about the collection of the debts at issue and cause them to believe Defendants could collect/enforce all of the debts, failed to advise that partial payment on those debts could restart the statute of limitations on the time-barred debt.

13. All of Defendants' collection actions at issue in this matter occurred within one year of the date of this Complaint.

14. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

15. Plaintiff adopts and realleges ¶¶ 1-14.

16. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt.

17. Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letter violates § 1692e of the FDCPA, see, Tatis v. Allied Interstate, 882 F.3d 422 (3d Cir. 2018); Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679 (7th Cir. 2017), cert. denied, 86 U.S.L.W. 3090 (U.S. Jan. 16, 2018)(No. 17-255); Daugherty v. Convergent Outsourcing, 836 F.3d 507 (5th Cir. 2016); Buchanan v. Northland Group, 776 F.3d 393 (6th Cir. 2015); McMahon v. LVNV Funding, 744 F.3d 1010 (7th Cir. 2014).  By sending Plaintiff the collection letter (Exhibit C) for a debt that was time-barred and failing to disclose that the debt was time-barred, Defendants violated § 1692e of the FDCPA.

18. Defendants' violations of § 1692e of the FDCPA render them liable for damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. §1692k.

## COUNT II
### Violation Of § 1692f Of The FDCPA --
### Unfair Or Unconscionable Collection Actions

19. Plaintiff adopts and realleges ¶¶ 1-14.

20. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

21. Defendants, by attempting to collect a time-barred debt, with a group of timely debts and failing to disclose that one of the three debts were time-barred, used an unfair or unconscionable means to collect a debt, in violation of § 1692f of the FDCPA.

22. Defendants' violations of § 1692f of the FDCPA render them liable for damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

23. Plaintiff Alicia Taylor brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a defaulted, time-barred consumer debts, allegedly owed for medical services, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form collection letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

24.     Defendants regularly engage in debt collection, using the same form collection letter it sent Plaintiff Taylor, in its attempts to collect defaulted consumer debts from other consumers.

25.     The Class consists of more than 35 persons from whom Defendants attempted to collect defaulted consumer debts by sending other consumers the same form collection letter it sent Plaintiff Taylor.

26.     Plaintiff Taylor's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

27.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

28.     Plaintiff Taylor will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be

established by common proof.  Moreover, Plaintiff Taylor has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Alicia Taylor, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Taylor as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' collection practices violate the FDCPA;

4. Enter judgment in favor of Plaintiff Taylor and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Alicia Taylor, individually and on behalf of all others similarly situated, demands trial by jury.

                                                       Alicia Taylor, individually and on
                                                       behalf of all others similarly situated,

                                                       By: /s/ David J. Philipps_____
                                                       One of Plaintiff's Attorneys

Dated:  January 10, 2019

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps& Philipps, Ltd.
9760 S. Roberts Road, Suite One

Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com


John T. Steinkamp (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com